UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

FILED
CLERK U.S. BANKRUPTCY COURT
2005 DEC 27 PM 1:25
NORTHERN DISTRICT OF OHIO
CLEVELAND

| | |
|---|---|
| In re: ) | Chapter 7 Proceedings |
| ) | |
| RACHEL M. BROOKS, ) | Case No. 05-13906 |
|     Debtor. ) | |
| ) | Adversary Proceeding No. 05-1328 |
| T II, LLC, ASSIGNEE, ) | |
|     Plaintiff, ) | Judge Arthur I. Harris |
| ) | |
| v. ) | |
| ) | |
| RACHEL M. BROOKS, ) | |
|     Defendant. ) | |

## MEMORANDUM OF OPINION

Before the Court is the plaintiff's motion for summary judgment (Docket #12) and the defendant-debtor's response (Docket #17). At issue is the preclusive effect of a default judgment entered against the debtor in an Ohio state court and the dischargeability of that judgment in the debtor's Chapter 7 bankruptcy case. For the reasons that follow, the plaintiff's motion for summary judgment is denied.

## JURISDICTION

Determinations of dischargeability are core proceedings under 28 U.S.C. § 157(b)(2)(I). The Court has jurisdiction over core proceedings under 28 U.S.C. §§ 1334 and 157(a) and Local General Order No. 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio.

FACTUAL AND PROCEDURAL BACKRGOUND

The following facts are not in dispute. On November 1, 2004, plaintiff T II, LLC, Assignee of Gordon Food Service ("T II"), obtained a default judgment on two separate counts against defendant-debtor Rachel M. Brooks in the Painesville Municipal Court, Lake County, Ohio. On the second count, T II alleged that Ms. Brooks knowingly issued a bad check with purpose to defraud Gordon Food Service, Assignor of T II, in exchange for goods and merchandise delivered to Ms. Brooks's restaurant. In accordance with O.R.C. § 2307.61, the court awarded T II statutory triple damages, as well as costs, attorney's fees, and interest, in the amount of $3,595.

Ms. Brooks filed her Chapter 7 petition on March 28, 2005. On June 29, 2005, T II commenced this adversary proceeding seeking to except the judgment from discharge under subsection 523(a)(2)(A) of the Bankruptcy Code. T II moved for summary judgment (Docket #12), arguing that the doctrine of issue preclusion binds this Court to the state court's findings of fact and that these findings require this Court to except the state court judgment from discharge under 11 U.S.C. § 523(a)(2)(A). Ms. Brooks opposed the motion (Docket #17), arguing that the state court judgment does not preclude litigation of the dischargeability exception and that there are disputed material facts which must be determined at trial.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c), as made applicable to bankruptcy proceedings by Bankruptcy Rule 7056, provides that a court shall render summary judgment:

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The party moving the court for summary judgment bears the burden of showing that "there is no genuine issue as to any material fact and that [the moving party] is entitled to judgment as a matter of law." *Jones v. Union County*, 296 F.3d 417, 423 (6th Cir. 2002). *See generally Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party meets that burden, the nonmoving party "must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial." *Hall v. Tollett*, 128 F.3d 418, 422 (6th Cir. 1997); s*ee, e.g.*, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). In determining the existence or nonexistence of a material fact, a court will view the

evidence in a light most favorable to the nonmoving party. *Tennessee Dep't of Mental Health & Mental Retardation v. Paul B.*, 88 F.3d 1466, 1472 (6th Cir. 1996).

## DISCHARGEABILITY UNDER 11 § U.S.C. 523(a)(2)(A)

Section 523 of the Bankruptcy Code provides in pertinent part:

(a) A discharge under section 727 . . . of this title does not discharge an individual from any debt—
. . . .
    (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
        (A) false pretenses, a false representation, or actual fraud . . . .

In order to except a debt from discharge under subsection 523(a)(2)(A),

a creditor must prove the following elements: (1) the debtor obtained money through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss.

*Rembert v. AT&T Universal Card Servs. (In re Rembert)*, 141 F.3d 277, 280-81 (6th Cir. 1998).

## ISSUE PRECLUSION

T II argues that based on the state court judgment and the doctrine of issue preclusion this Court is required to enter a finding of nondischargeability as a matter of law. Issue preclusion, sometimes referred to as collateral estoppel, prevents the same parties or their privies from relitigating facts and issues in a

4

subsequent suit that were fully litigated in a prior suit. *See In re Fordu*, 201 F.3d 693, 704 (6th Cir. 1999). It is well established that issue preclusion principles apply to bankruptcy proceedings and can be used in nondischargeability actions to prevent relitigation of issues that were already decided in a state court. *See, e.g., Grogan v. Garner*, 498 U.S. 279, 284 n.11 (1991) ("We now clarify that collateral estoppel principles do indeed apply in discharge exception proceedings pursuant to § 523(a)."); *Stone v. Kirk*, 8 F.3d 1079, 1090 (6th Cir. 1993) ("That 'Congress intended the bankruptcy court to determine the final result – dischargeability or not – does not require the bankruptcy court to redetermine all the underlying facts.'").

Under the full faith and credit principles of 28 U.S.C. § 1738, state law, not federal common law, governs the preclusive effect of a state court judgment. *See Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 374 (1985). A bankruptcy court must give the same issue preclusive effect to a state court judgment as the judgment would be given under that state's law. *See* 470 U.S. at 374. Accordingly, in this case the Court will apply Ohio's law on issue preclusion to the Ohio court's judgment against Ms. Brooks. *See Bay Area Factors v. Calvert (In re Calvert)*, 105 F.3d 315 (6th Cir. 1997) (applying California law to a California court's default judgment).

5

Under Ohio law, the doctrine of issue preclusion,

> applies when a fact or issue '(1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom [issue preclusion] is asserted was a party in privity with a party to the prior action.'

*In re Fordu,* 201 F.3d at 704 (quoting *Thompson v. Wing,* 70 Ohio St. 3d 176, 183, 637 N.E.2d 917, 923 (1994)); *accord In re Sweeney,* 276 B.R. 186 (B.A.P. 6th Cir. 2002) (applying "actually and directly litigated" element of Ohio issue preclusion law); *In re Rebarchek,* 293 B.R. 400, 405 (Bankr. N.D. Ohio 2002) (same).

In this case, the critical question is whether an issue can be considered "actually and directly litigated" in a prior suit when the party against whom the judgment was rendered did not answer or otherwise appear in the prior suit. Ohio case law on the preclusive effect of such a default judgment is sparse. In *In re Sweeney,* the Bankruptcy Appellate Panel for the Sixth Circuit reviewed the handful of Ohio cases on the subject and concluded that while a default judgment may have preclusive effect in Ohio "as to an issue that was the subject of an 'express adjudication,' . . . an unanswered complaint and the default judgment based on it do not, by themselves, constitute an express adjudication." 276 B.R. at 193.

Recent decisions by the Ohio Supreme Court have either favorably cited or

expressly adopted the Restatement's rules on issue and claim preclusion. *See State v. Williams*, 76 Ohio St. 3d 290, 295 (1996) (citing RESTATEMENT (SECOND) OF JUDGMENTS § 28 (1980)); *Grava v. Parkman Township*, 73 Ohio St. 3d, 379, 382 (1995) (adopting RESTATEMENT (SECOND) OF JUDGMENTS §§ 24-25 (1982)). Therefore, the Court believes that, were the Ohio Supreme Court to pass directly on the question, it would adopt the Restatement's view that a default judgment generally does not have issue preclusive effect. Section 27 of the Restatement (Second) of Judgments states:

> When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.

Comment e of section 27 states: "In the case of a judgment entered by confession, consent, or default, none of the issues is actually litigated. Therefore, the rule of this Section does not apply with respect to any issue in a subsequent action." *Cf. Fleet Consumer Disc. Co. v. Graves (In re Graves)*, 33 F.3d 242 (3d Cir. 1994) (concluding that Pennsylvania courts would follow comment e of Restatement § 27 and not give issue preclusive effect to a default judgment); *Spilman v. Harley*, 656 F.2d 224, 228 (6th Cir. 1981) ("If the important issues were not actually litigated in the prior proceeding, as is the case with a default judgment, then

collateral estoppel does not bar relitigation in the bankruptcy court." (applying federal common law pre-*Marrese*)).

In the present case, the Municipal Court's default judgment entry did contain some *pro forma* findings; however, it is unclear whether the court based its findings solely on the affidavits presented or also relied on the pleadings and the defendant's default, which it was entitled to do. In *Sweeney*, the state court had held a hearing on the default judgment, at which the plaintiffs presented three witnesses. The hearing transcript was 57 pages long, and the *Sweeney* court still refused to give issue preclusive effect to the state court judgment. As the *Sweeney* court noted,

> When all is said and done, the court's *pro forma* recitation may have meant nothing more than that the court was satisfied from the evidence that the *damages* it was awarding were appropriate in amount, assuming that the Debtor was liable due to the default nature of the hearing.
> . . . .
> [W]e can never know whether the court awarded damages based on the evidence presented or merely on the defendant's default, as it was entitled to do.

276 B.R. at 194-95 (emphasis in original).

So it is in the present case. The Court, based on the judgment entry, cannot be certain that the relevant issues were "actually litigated" and are thus entitled to issue preclusive effect. This illustrates the wisdom of the Restatement rule. Issues

may be *pleaded* in a default judgment, but they are never actually litigated so long as the court can base its judgment upon the defendant's default. Therefore, the Court finds that the Municipal Court judgment does not preclude litigation of the issues raised in this adversary proceeding.

T II's motion for summary judgment relies on the issue preclusive effect of the Municipal Court judgment. Without the preclusive effect of the Municipal Court's findings, there are disputed issues of material fact regarding the elements of dischargeability under subsection 523(a)(2)(A). Specifically, it is disputed whether Ms. Brooks issued the check knowing it would be dishonored. It is also disputed whether Ms. Brooks "intended to deceive the creditor." *Rembert*, 141 F.3d at 280; *cf. In re Grilliot*, 293 B.R. 725 (Bankr. N.D. Ohio 2002) (holding debt for bad check dischargeable because debtor did not issue the check with fraudulent intent). Accordingly, T II's motion for summary judgment is denied.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for summary judgment is denied. The default judgment entered by the Painesville Municipal Court does not preclude litigation of the issues raised in this adversary proceeding. There are genuine issues of material fact yet to be resolved. The Court will issue a separate

9

05-01328-aih    Doc 18    FILED 12/27/05    ENTERED 12/27/05 14:14:29    Page 9 of 10

scheduling order setting a pretrial conference.

    IT IS SO ORDERED.

                                          Arthur I. Harris
                                          United States Bankruptcy Judge